244 N.J. Super. 494 (1990)
582 A.2d 1266
AIDAN FRANCIS NUNAN, APPELLANT,
v.
NEW JERSEY DEPARTMENT OF PERSONNEL, EUGENE J. MCCAFFREY, SR., COMMISSIONER, NEW JERSEY DEPARTMENT OF PERSONNEL, AND CITY OF ATLANTIC CITY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1990.
Decided November 28, 1990.
*495 Before Judges PRESSLER, DEIGHAN and BAIME.
Sidney H. Lehmann argued the cause for appellant (Szaferman, Lakind, Blumstein, Watter & Blader, attorneys; Sidney H. Lehmann of counsel; Sidney H. Lehmann and Daniel J. O'Donnell on the brief).
David F. Corrigan argued the cause for respondent City of Atlantic City (Murray, Murray & Corrigan, attorneys; Caryl M. Amana, City Solicitor, on the brief).
Robert J. Del Tufo, Attorney General, filed a statement in lieu of brief on behalf of the Department of Personnel, Merit System Board (Douglass L. Derry, Deputy Attorney General, on the statement).
The opinion of the court was delivered by BAIME, J.A.D.
This is an appeal from a determination of the Merit System Board, rejecting appellant's claim that he was entitled to immediate *496 appointment to the position of Atlantic City police officer and back pay. The Board found that appellant resided in Ocean City on the dates upon which the list of eligibles was certified and was thus not entitled to a resident's preference under N.J.S.A. 40A:14-123.1a for appointment to the Atlantic City Police Department. That statute allows municipalities to give preference in appointment to their residents. The Board upheld Atlantic City's contention that, for the purpose of the statutory preference, a municipality could reasonably require residency on the date the list of eligibles is certified. Alternatively, the Board noted that appellant would not be entitled to a mandated appointment because even if he were eligible for a resident's preference, Atlantic City would not be bound to appoint him. Instead, the City could select one of the three highest scoring eligibles under N.J.S.A. 11A:4-8 and N.J.A.C. 4A:4-4.8.
Appellant argued before the Board, and now asserts here, that the date of appointment should be determinative in deciding whether a resident's preference must be accorded. Stated somewhat differently, appellant contends that an individual is entitled to a preference if he either resides in the municipality on the appointment date or, before that time, declares his intention to do so. Atlantic City asserts that "no casual residence" was intended under N.J.S.A. 40A:14-123.1a. It contends that, instead, the statutory intent was to accord a preference to those who have a real and principal residence in the municipality and thus possess a greater personal stake in the City's welfare.
For reasons that we will recite, we need not decide the substantive issue based upon the broader propositions urged by the parties. We have been advised that following the Board's decision appellant established a bona fide residence in Atlantic City and passed the competitive examination. His eligibility for a resident's preference has since been certified. The certified list of resident eligibles, upon which his name appears, has been *497 presented to Atlantic City. Appointments will be made from that list.
In light of these developments, we deem the issues raised by the parties moot. Even assuming that appellant is correct and that his name was improperly removed from the eligible list, he would not be entitled to a mandated appointment and back pay. N.J.S.A. 11A:4-8 and N.J.A.C. 4A:4-4.8 require that the appointing authority select one of the three highest scoring eligibles from the certified list. Before appellant's name was removed from the list of resident eligibles, he apparently ranked sixteenth. Because appointments were later made from that list, one can reasonably assume that at some point appellant would have been one of the three highest scoring individuals. However, this does not mean that he was entitled to appointment. The "rule of three" provided by N.J.S.A. 11A:4-8 and N.J.A.C. 4A:4-4.8 is intended to guarantee the appointing authority an opportunity to exercise minimal discretion in the selection of particular employees. Schroder v. Kiss, 74 N.J. Super. 229, 239, 181 A.2d 41 (App.Div. 1962). We have thus held that "a person who successfully passes an examination and is placed on an eligible list does not thereby gain a vested right to appointment." In re Crowley, 193 N.J. Super. 197, 210, 473 A.2d 90 (App.Div. 1984). Instead, "[t]he only benefit inuring to such a person is that so long as that list remains in force, no appointment can be made except from that list." Ibid. See also Lavitz v. Civil Serv. Comm'n, 94 N.J. Super. 260, 264, 227 A.2d 722 (App.Div. 1967); Schroder v. Kiss, 74 N.J. Super. at 240, 181 A.2d 41. Cf. Marranca v. Harbo, 41 N.J. 569, 577, 197 A.2d 865 (1964).
Viewing the facts and law most favorably to appellant, the best that can be said is that he had a right to be considered for appointment. He did not, and does not, have a legitimate claim *498 of entitlement to the position of Atlantic City police officer.[1]In re Crowley, 193 N.J. Super. at 210, 473 A.2d 90. Even if appellant's name was improperly deleted from the resident eligible list, we could not order his appointment. The appropriate remedy would be to direct the Commissioner of Personnel to add appellant's name to the certified list of eligibles, see N.J.A.C. 4A:4-3.6; N.J.A.C. 4A:4-3.8, or to order him to revive an expired list and add appellant's name. N.J.A.C. 4A:4-3.4. In that context, it would be fruitless to order the Commissioner to revive an expired list. It is our understanding that the prior certified lists of eligibles have been exhausted. If such lists were revived, Atlantic City would be under no duty to appoint appellant. See N.J.A.C. 4A:4-4.2(c)(2)i. Hence, the only realistic available remedy would be to add appellant's name to a current certified list of eligibles. As we pointed out earlier in our opinion, however, appellant's name presently appears on the current certified list.
In sum, assuming, without deciding, that appellant's name was incorrectly removed from the certified list of resident eligibles, the appropriate remedy would be to order the addition of his name to the current list. Because appellant has already been classified a resident eligible, there is no need to address the substantive arguments advanced.
Accordingly, this appeal is dismissed as moot.
NOTES
[1] The remedial section of the Law Against Discrimination, N.J.S.A. 10:5-17, by implication, constitutes a statutorily created exception that further limits an appointive authority's discretion. See Terry v. Mercer Cty. Freeholders Bd., 86 N.J. 141, 430 A.2d 194 (1981). The Director of the Division on Civil Rights may order the appointment of an individual who has been the subject of unlawful discrimination, notwithstanding the statutory and regulatory "rule of three." That exception is not applicable here.