867 A.2d 479 (2005)
375 N.J. Super. 202
In the Matter of Mark HRUSKA.
Superior Court of New Jersey, Appellate Division.
Submitted December 14, 2004.
Decided February 8, 2005.
*480 John W. Spoganetz, attorney for appellant Mark Hruska.
Peter C. Harvey, Attorney General, attorney for respondent New Jersey Merit System Board (Todd A. Wigder, Deputy Attorney General, on the brief).
Genova, Burns & Vernoia, Livingston, attorneys for respondent Borough of Carteret (Brian W. Kronick, East Orange, on the brief).
Before Judges KESTIN, LEFELT and ALLEY.
The opinion of the court was delivered by
LEFELT, J.A.D.
Petitioner Mark Hruska appeals from a Merit System Board decision upholding respondent Borough of Carteret's refusal to appoint Hruska, under the "rule of three," from two Department of Personnel certified lists of eligible candidates for *481 Carteret's paid fire department. On appeal, Hruska makes three arguments for reversal of the Board's decision. He alleges that (1) Carteret refused to appoint him on August 17, 1998 and June 2, 1999 for discriminatory and retaliatory reasons, (2) Carteret failed to support its decision denying him appointment on June 2, 1999, and (3) both refusals to appoint were improper because Carteret modified the Department of Personnel eligibility criteria by adding a threshold requirement that applicants be active volunteer firefighters. We affirm, without further discussion, the Board's decision that Hruska failed to prove age discrimination and retaliation. R. 2:11-3(e)(1)(D). That decision was not arbitrary, capricious, or unreasonable and warrants our affirmance. Karins v. City of Atlantic City, 152 N.J. 532, 540, 706 A.2d 706 (1998). We find Hruska's second argument without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E). However, we disagree with the Board's conclusion that Carteret properly utilized the "rule of three," and reverse on that basis.
Carteret has a combination Fire Department, consisting of two volunteer departments and one paid, or career, department. There are a maximum of seventy-four firefighters permitted to join the volunteer departments and only eighteen firefighters are allotted to the career department.
Hruska acquired his firefighting experience in Carteret by enrolling in the volunteer departments in 1980. He advanced as a volunteer until he became Chief of the volunteers in 1994, when he was about thirty-five years of age. In his fifteen years of fighting fires, Hruska was involved in seventy to seventy-five percent of all fire calls, thereby fighting from 300 to 500 fires each year. There is no question that Hruska's service as a volunteer firefighter was commendable and that he was the recipient of several awards and honors. In 1993, Hruska was awarded a certificate of exemption, which qualified him for various firefighter benefits. See N.J.S.A. 40A:14-56 to -65.
In 1994 or 1995, Hruska took a civil service exam and physical to become a paid firefighter in Carteret. After completing the exam and physical, the Department of Personnel told Hruska that he ranked number one on the certification list. In 1996, Hruska became an "inactive" volunteer firefighter and, though he remained inactive through all relevant dates, as openings in the paid firefighter service department occurred, he began to apply for appointment.
Carteret followed the normal civil service process to fill openings in the career service. As openings occurred, the Borough Council's Fire Committee requested from the Department of Personnel a certified list of candidates who had passed the physical and written exam and were eligible for appointment to the paid department. The Fire Committee considered the persons on the list and made recommendations to the Borough Council, which was responsible for making the final hiring determinations.
The Council denied appointment to Hruska three times, but he appeals from only the last two rejections. The circumstances surrounding the last two rejections, August 17, 1998 and June 2, 1999, are as follows. On August 17, 1998, the Department of Personnel certified a list of candidates and Hruska was ranked second. The Council appointed the first-ranked candidate and bypassed Hruska to appoint the third- and fifth-ranked candidates. On June 2, 1999, the Council once again bypassed Hruska on the certified list. This time, Hruska was ranked first, *482 but the Council appointed the second- and third-ranked candidates instead.
Hruska's objections to the Council's actions eventually came before Administrative Law Judge Joseph Lavery, who found that "[t]he Borough Council imposed a threshold requirement of active volunteer firefighting status which overrode any other consideration of suitability for appointment." The ALJ criticized Carteret for creating "a threshold, qualifying requirement for appointment of already-qualified, [Department of Personnel-]certified eligibles, of whom [Hruska] was one. This unlawful requirement was: active participation in volunteer firefighting." Because the judge concluded that the Council "had no legal authority" to "effectively eliminate[ ] [Hruska] from the certification," the "bypass under the rule of three was consequently invalid."
The Merit System Board rejected the ALJ's determination as a "legal conclusion." The Board explained that "under the Rule of Three, [an appointing authority like Carteret] may use any legitimate basis to bypass an individual in favor of lower-ranked eligibles." The Board reasoned that "[i]n this case, it was not illegal for the appointing authority to use active volunteer service in differentiating between the candidates. Such a distinction appears to be job-related and consistent with principles of merit and fitness, and does not present any form of illegal discrimination...."
We disagree with the Board and believe that the agency has misinterpreted Judge Lavery's fact finding and consequently reached the wrong legal conclusion. The ALJ found that Carteret had "created a threshold, qualifying requirement for appointment" that was not among the qualifying eligibility requirements developed by the Department of Personnel. This finding was based on the judge's credibility assessment of several lay witnesses who testified at the hearing, and focused on the Council's determination that in essence found Hruska ineligible for the position and not on the Council's differentiation among candidates on the eligibility list.
The ALJ's finding was, therefore, not a legal determination that could be reversed by the Board simply because it disagreed with the judge. The Board can only reverse fact findings based on the credibility of lay witnesses if the findings are "arbitrary, capricious or unreasonable or are not supported by sufficient, competent, and credible evidence in the record." N.J.S.A. 52:14B-10(c). If it wished to reverse the fact finding at issue, the Board had to state "with particularity" its reasons for rejecting the finding. Ibid. The Board may not simply recast the finding as a legal determination because it wishes to reach a different conclusion than the one reached by the ALJ. See Cavalieri v. Bd. of Trs. of PERS, 368 N.J.Super. 527, 534, 847 A.2d 592 (App.Div.2004).
Because the ALJ's fact finding distinguished between an appointing authority preferring active volunteers and using that criterion as an eligibility factor, the Board incorrectly reviewed the judge's fact finding. The Board not only improperly considered the fact finding a "legal conclusion," but also shifted the judge's finding from its eligibility context to the context by which active volunteer service was merely used to compare qualified candidates on the eligibility list. This also was improper.
The judge in essence found that the Council had disqualified Hruska and never compared or attempted to distinguish his service from others on the list. Hruska's candidacy was, therefore, not fairly reviewed by the Council because, according *483 to the ALJ, the Council concluded that Hruska failed to meet the threshold qualification of active volunteer service.
We also are bound by Judge Lavery's fact finding, In re Grossman, 127 N.J.Super. 13, 23, 316 A.2d 39 (App.Div.), certif. denied, 65 N.J. 292, 321 A.2d 253 (1974), and may reverse only if the finding is not supported by sufficient credible evidence in the record. In re Taylor, 158 N.J. 644, 656, 731 A.2d 35 (1999). Our review of the record has disclosed sufficient credible evidence supporting the judge's finding. For example, when Hruska was bypassed the first time[1] in favor of two older applicants who were ranked below him, a councilman advised Hruska that "the only reason why you were passed up is because these two guys were active and you weren't for the last three years. That's the only reason." Hruska then asked the councilman "[o]kay, so then that ... does exclude me from the rest of the hires then?" The councilman replied, "No, no, no, no, no." Hruska then interjected his concern by asking, "[c]ause what, we're gonna change criteria mid-stream?" The councilman told Hruska that the Council could change criteria mid-stream, and said "[c]ould. Sure. Sure. But that was in this case. Now the next hiring is a whole nother case."
Despite the councilman's assurance that the next hiring would be different, another councilman who testified about the August 1998 hiring explained that you had to be an active volunteer to be appointed to the position. "That was the criteri[on] that the committee and the chairperson set." If you were not an active volunteer, according to the councilman, you could not be appointed. When asked whether being an active volunteer was important to the Borough, the councilman replied "[t]hat was the prerequisite that the committee had set originally."
When the Department of Personnel informed Carteret that the Borough had failed to supply the Department with a statement of reasons for the June 2, 1999 hiring, Communications Workers of Am. v. N.J. Dep't of Pers., 154 N.J. 121, 129-30, 711 A.2d 890 (1998), the Borough Clerk replied that Hruska was bypassed in part because "[p]articular weight was given to the successful candidates' active volunteer status, in contrast to Mr. Hruska's inactive status over the past five (5) years." The only other reasons provided by the Clerk to the Department for bypassing Hruska were general statements regarding "personal interviews of the candidates and careful consideration of the experience and past work history as well."[2]
Accordingly, we accept the ALJ's fact finding that the Borough Council adopted and applied a new eligibility criterion after the Department of Personnel had certified lists of eligible candidates for appointment to the Carteret career firefighting service. We proceed to review the legal implications of such action.
A career civil service job, such as a paid firefighter in Carteret, is subject to competitive examination procedures. N.J.A.C. 4A:4-2.1 to -2.17; N.J.A.C. 4A:3-1.2(b). The minimum qualifications of candidates must be announced beforehand. N.J.A.C. 4A:4-2.1(c)3. The scope of requirements *484 that applicants must meet are established by the Department of Personnel and specified in the examination announcement. N.J.A.C. 4A:4-2.3. After the examination, the Department of Personnel may certify the names of eligibles for each position. N.J.A.C. 4A:4-4.2. Upon receipt of a certification, an appointing authority may, under the "rule of three," appoint "one of the top three interested eligibles" from the list, provided that preference is given to veterans and in the case of a tie, specific procedures are followed. N.J.A.C. 4A:4-4.8(a)3 i, iii; N.J.S.A. 11A:4-8. If a "higher ranked eligible" is bypassed by the appointing authority, the authority must advise the Department of Personnel of the persons appointed and explain "why the appointee was selected instead of a higher ranked eligible or an eligible in the same rank due to a tied score." N.J.A.C. 4A:4-4.8(b)4.
Under the rule of three, an appointing authority like Carteret has the statutory discretion to appoint any one of the top three candidates who the public employer considers best suited to fill the position. N.J.S.A. 11A:4-8; N.J.A.C. 4A:4-4.8(a); Nunan v. N.J. Dep't of Pers., 244 N.J.Super. 494, 497, 582 A.2d 1266 (App.Div.1990). Carteret could bypass Hruska for any legitimate reason based upon the candidate's merit. In re Crowley, 193 N.J.Super. 197, 214, 473 A.2d 90 (App.Div.1984).
However, the rule of three, while permitting a broad exercise of discretion, also operates to "narrow hiring discretion." Terry v. Mercer County Bd. of Chosen Freeholders, 86 N.J. 141, 149, 430 A.2d 194 (1981). Its "basic intent and effect[ ] acts to fetter the absolute discretion of government to hire." Id. at 150, 430 A.2d 194. "[T]he discretion of government to hire is not absolute," and "other important criteria in governmental employment practices" are still relevant. Ibid. Discretion may not be "exercised in a way inconsistent with `merit' considerations." Ibid. All civil service appointments must "be made according to merit and fitness to be ascertained, as far as practicable, by examination...." N.J. Const. art VII, § 1, ¶ 2.
So, for example, the Law Against Discrimination, N.J.S.A. 10:5-17, further limits the appointing authority's discretion during hiring determinations despite the rule of three. Terry, supra, 86 N.J. at 152, 430 A.2d 194. "Significant limitations, founded on constitutional and statutory principles, have always been an inherent concomitant of government's authority to employ." Id. at 150, 430 A.2d 194. "[T]here is nothing intrinsic in the `rule of three,' either in a constitutional sense or as a matter of legislative contemplation, that renders it totally impervious to reasonable modifications or influences." Id. at 151, 430 A.2d 194.
Here, the Department of Personnel job specifications for firefighters did not require applicants to be active volunteer firefighters. The requirements for the firefighter exam also did not mandate that candidates be active volunteers at the time of appointment. To qualify for the firefighter examination, an applicant needed to be a citizen, a High School or Vocational High School graduate, a licensed driver, and not less than 18 years of age. In addition, applicants needed to pass a medical and performance examination. There was no threshold requirement that applicants be active volunteer firefighters.
Considering the persons hired by Carteret, the criterion of active volunteer excluded only Hruska. In essence, Carteret removed Hruska from the eligibility list, without allowing any right to appeal the removal. N.J.A.C. 4A:4-4.7(d); see Nunan, supra, 244 N.J.Super. at 498, 582 A.2d 1266 (When a name is improperly deleted from the certified list of eligibles, *485 the proper remedy is "to revive an expired list and add appellant's name.").
Had the active volunteer criterion been included in the examination announcement, Hruska could have decided at that time whether he wanted to become active again or whether he wanted to forsake his goal of career service appointment and not take the examination.
Applying the unannounced threshold qualification after Hruska appeared on the list as eligible for appointment was unjust to Hruska and in violation of the pertinent regulatory framework. We do not intend by this decision to restrict the factors that may be considered by an appointing authority when utilizing the rule of three to only the criteria previously listed as eligibility factors. As the Board emphasized, the appointing authority could have compared the candidates on the list and for merit and fitness reasons selected those who were active volunteers. We merely conclude that there is a difference between comparing candidates on the list by carefully and in good faith evaluating their merit and fitness, as required by the Constitution and our civil service system, and excluding a candidate from any consideration or comparison with other candidates because of an unannounced, secret eligibility requirement. It is the latter that, according to the ALJ, occurred in this case, and that in our opinion warrants reversal.
The conditional appointments from the August 17, 1998 and June 2, 1999 lists are voided. The Department of Personnel is directed to reissue the certification as the list stood on August 17, 1998, and the Borough Council shall reconsider the appointments without applying the active volunteer firefighter status as an exclusive reason for bypass. The factor can be used as one factor in evaluating the merit and fitness of all of the certified candidates. Should the Council again decide to bypass Hruska, it must set forth the reasons for its action based on the merit and fitness of all of the certified candidates. N.J.A.C. 4A:4-4.8(b)4.
Affirmed in part, reversed in part and remanded for further proceedings consistent with this decision.
NOTES
[1] Hruska did not appeal the first rejection and, therefore, as we explained above, this appeal involves only the Council's failure to appoint Hruska from the certification lists of August 17, 1998 and June 2, 1999.
[2] We also note that the Borough failed to comply with N.J.A.C. 4A:4-4.8 in the August 17, 1998 certification. The record is devoid of any statement of reasons, provided the Department of Personnel, justifying the bypass of Hruska by a lower-ranked individual in that certification.