NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2063-15T3

JOSEFA BARAZZA,

 Plaintiff-Appellant,

v.

COUNTY OF HUDSON,

 Defendant-Respondent.
_______________________________

 Argued October 24, 2017 – Decided November 15, 2017

 Before Judges Carroll and Mawla.

 On appeal from Superior Court of New Jersey,
 Law Division, Hudson County, Docket No.
 L-3054-13.

 Brian F. Curley argued the cause for
 appellant.

 Raymond J. Seigler argued the cause for
 respondent (Chasan Lamparello Mallon &
 Cappuzzo, PC, attorneys; Cindy Nan Vogelman,
 of counsel and on the brief; Qing H. Guo, on
 the brief).

PER CURIAM

 This appeal stems from the parties' conflicting

interpretations of their earlier settlement agreement. Plaintiff
Josefa Barraza1 appeals from a December 8, 2015 order rejecting

her interpretation of the settlement agreement. Consequently, the

court dismissed plaintiff's action against defendant County of

Hudson, which asserted claims for breach of the settlement

agreement and retaliation under the New Jersey Law Against

Discrimination (LAD), N.J.S.A. 10:5-1 to -49.2 We affirm,

substantially for the reasons set forth by Judge Lisa Rose in her

cogent oral opinion.

 I.

 Plaintiff has been employed since 2000 in Hudson County's

Social Services Department. In December 2006, plaintiff was

promoted from a permanent Civil Service position as a Human

Services Specialist 1 (HSS1) Bilingual to a provisional position

as a Social Worker (SW) Bilingual. To obtain permanent appointment

as a SW Bilingual, plaintiff was required to pass a State Civil

Service examination and rank sufficiently high on the

Certification of Eligibles List (list). Plaintiff subsequently

failed the exam. As a result, she was excluded from the May 10,

2010 list generated by the Civil Service Commission (CSC), and on

1
 We note plaintiff's last name appears as Barraza in her complaint
but is alternately spelled Barazza in her notice of appeal.
2
 The order dismissing plaintiff's complaint was entered on March
21, 2016. Plaintiff's notice of appeal does not reference the
March 21, 2016 dismissal order.

 2 A-2063-15T3
August 2, 2010, she was returned to her former HSS1 Bilingual

position.

 Following her demotion, in March 2011, plaintiff filed a

Notice of Charge of Discrimination with the United States Equal

Employment Opportunity Commission (EEOC) alleging age

discrimination. In April 2011, plaintiff filed a Charge of

Discrimination with the New Jersey Division on Civil Rights

alleging discrimination based on age and national origin.

 On May 12, 2011, the parties entered into a Settlement

Agreement (the settlement agreement). Plaintiff agreed to

withdraw her discrimination claims and defendant agreed to re-

appoint her provisionally to SW Bilingual pending examination.

Specifically, the settlement agreement in pertinent part provided:

 NOW, THEREFORE, in consideration of the
 premises and conditions set forth herein, the
 County and Josefa Barraza agree as follows:

 1. The County agrees to [p]romote the employee
 to the provisional title of Social Worker,
 Bilingual English/Spanish, which shall be
 subject to Civil Service Examination and
 eligibility as per Title 4A.

 Josefa Barraza agrees to withdraw [her]
 complaint of discrimination based on national
 origin and age in violation of Title VII of
 the Civil Rights Act and the Age
 Discrimination in Equal Employment Act, as
 amended, which was filed on April 29, 2011
 with the New Jersey Division on Civil Rights
 and to notify the Division on Civil Rights of
 the withdrawal.

 3 A-2063-15T3
Plaintiff also agreed to waive any future claims based on acts

that occurred prior to the date of the settlement agreement.

 Effective May 23, 2011, defendant promoted plaintiff

provisionally to SW Bilingual pending examination. On March 22,

2012, plaintiff took the Civil Service examination for permanent

placement to SW Bilingual. Plaintiff passed the exam, but her

score ranked her eighteenth out of twenty eligible candidates on

a list generated by the CSC the following month. Since there were

not eighteen SW Bilingual positions available for permanent

appointment, plaintiff was not promoted.3 On June 18, 2012,

plaintiff was again demoted to HSS1 Bilingual.

 On June 27, 2013, plaintiff filed a complaint in the Law

Division alleging breach of the settlement agreement and a LAD

retaliation claim. In essence, plaintiff claimed that, since she

passed the Civil Service examination for the SW Bilingual position,

defendant was obligated under the settlement agreement to maintain

her in that position on a provisional basis pending her permanent

appointment from the certified eligibility list.

3
 The "Rule of Three" governs the discretion of the appointing
authority by generally requiring selection from the three highest
scoring candidates. See N.J.S.A. 11A:4-8. See also N.J.A.C.
4A:4-4.8(a)(3) ("Upon receipt of a certification, an appointing
authority shall . . . [a]ppoint one of the top three interested
eligibles (rule of three) from an open competitive or promotional
list [.]").

 4 A-2063-15T3
 While the litigation was pending, plaintiff was reached on

the list and defendant permanently appointed her to the SW

Bilingual position effective May 11, 2015. Accordingly,

plaintiff's claims for the differential in pay and benefits between

the two positions narrowed to the period between her June 18, 2013

demotion and her May 11, 2015 promotion.

 The initial August 17, 2015 trial date was postponed to

September 9, 2015. The trial was then rescheduled for September

16, 2015, when plaintiff submitted a motion in limine that sought

the court's interpretation of the settlement agreement as a matter

of law. Specifically, the in limine motion requested the court

to interpret the settlement agreement to provide that plaintiff

was entitled to maintain her provisional SW Bilingual position

from May 23, 2011, until she was permanently assigned that title

consistent with Civil Service rules and regulations. The motion

was supported by deposition transcripts of plaintiff and

defendant's designated representative, Roger Quintana.4

 The case was not reached for trial on September 16 and it was

again relisted for December 7, 2015. On December 4, 2015,

defendant submitted its trial brief seeking dismissal of

plaintiff's complaint.

4
 See R. 4:14-2(c) (authorizing a governmental agency to designate
a person to testify on its behalf).

 5 A-2063-15T3
 The trial was assigned to Judge Rose, who conducted oral

argument on plaintiff's motion on December 7, 2015. During

argument, the parties agreed to waive a jury trial and allow the

in limine motion to be treated as a timely-filed dispositive motion

for summary judgment. Plaintiff's counsel argued that the

interpretation of the settlement agreement was the central issue

in the case. Counsel elaborated:

 So it's a question of law, what does the
 contract say, and it's a question of law, what
 do the Civil Service Regulations say and do
 those control the contract, or is the contract
 controlling as a matter of law. So you have
 an interpretation and then application, both
 of which are legal issues for the Court.

 On December 8, 2015, Judge Rose rejected plaintiff's

interpretation of the settlement agreement, setting forth her

reasons in a thorough and well-reasoned oral opinion. The judge

then granted the parties a recess to assess the procedural posture

of the case in light of her ruling. When the case resumed,

plaintiff's counsel advised the court:

 [I]n terms of what I would present factually
 to support a [LAD] retaliation claim
 essentially would be the actions that breached
 the settlement agreement. And so it really
 is the demotion in June [] 2012 pending the
 permanent appointment in June [] 2015.

 So if the County is to take the position . . .
 that they abided [by the settlement agreement]
 and acted properly[,] based on your Honor's
 ruling, I'm not sure what is left that I could

 6 A-2063-15T3
 prove differently in terms of a presentation
 and in stating a claim in that context in light
 of the legal ruling.

 And, you know, candidly, for the record as
 well, that[] I've always said that this was
 the pivotal issue.

 . . . .

 It either went one way or the other, and all
 the rest of the chips fall in place.

 Following this concession, Judge Rose granted defendant's

oral motion to dismiss. The judge entered a memorializing order

on December 8, 2015, denying plaintiff's motion in limine. On

March 21, 2016, the court issued an order dismissing the case.

 II.

 In this appeal, plaintiff contends the trial court should

have interpreted the parties' settlement agreement to require

defendant to continue plaintiff in her provisional SW Bilingual

title from May 23, 2011, until her permanent appointment to that

position on May 11, 2015. Plaintiff also argues the trial court

erred in dismissing the complaint in the absence of a summary

judgment motion by defendant, and by deviating from controlling

summary judgment standards.

 "'Settlement of litigation ranks high in our public policy.'"

Nolan v. Lee Ho, 120 N.J. 465, 472 (1990) (quoting Jannarone v.

W.T. Co., 65 N.J. Super. 472, 476 (App. Div.), certif. denied, 35

 7 A-2063-15T3
N.J. 61 (1961)). Settlement agreements should be honored in the

absence of evidence of fraud or some other compelling

circumstances. Ibid. (citing Pascarella v. Bruck, 190 N.J. Super.

118, 125 (App. Div.), certif. denied, 94 N.J. 600 (1983)). Among

its other benefits, "[s]ettlement spares the parties the risk of

an adverse outcome and the time and expense - - both monetary and

emotional - - of protracted litigation." Willingboro Mall, Ltd.

v. 240/242 Franklin Ave., LLC, 215 N.J. 242, 253-54 (2013) (citing

State v. Williams, 184 N.J. 432, 441 (2005)).

 Review of a trial court's interpretation of an agreement is

de novo. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cantone

Research, Inc., 427 N.J. Super. 45, 57 (App. Div.), certif. denied,

212 N.J. 460 (2012). The reviewing court must evaluate the common

intention of the parties and the purpose they tried to achieve.

See Tessmar v. Grosner, 23 N.J. 193, 201 (1957). The court's

initial task is to determine the parties' intent, which in an

appropriate setting, is "a purely legal question that is

particularly suitable for decision on a motion for summary

judgment." Pressler & Verniero, Current N.J. Court Rules, comment

5 on R. 4:46-2 (2017); see also Khandelwal v. Zurich Ins. Co., 427

N.J. Super. 577, 585 (App. Div.) (noting interpretation of a

contract "is generally appropriate to resolve . . . on summary

judgment"), certif. denied, 212 N.J. 430 (2012).

 8 A-2063-15T3
 The "court's role is to consider what is 'written in the

context of the circumstances' at the time of drafting and to apply

'a rational meaning in keeping with the expressed general

purpose.'" Sachau v. Sachau, 206 N.J. 1, 5-6 (2011) (quoting Atl.

N. Airlines, Inc. v. Schwimmer, 12 N.J. 293, 302 (1953)). "To the

extent that there is any ambiguity in the expression of the terms

of a settlement agreement, a hearing may be necessary to discern

the intent of the parties at the time the agreement was entered

and to implement that intent." Quinn v. Quinn, 225 N.J. 34, 45

(2016) (citing Pacifico v. Pacifico, 190 N.J. 258, 267 (2007)).

 In her oral opinion, Judge Rose squarely addressed the issues

raised by plaintiff in light of the applicable legal principles.

First, the judge found "that the terms of the settlement agreement

at issue are clear; that is[,] the consideration intended by the

County was to reinstate plaintiff to her social worker/bilingual

[position] subject to the Civil Service examination and

eligibility as per Title 4A."

 Judge Rose also considered the parties' written agreement in

the context of the governing Civil Service laws and regulations.

The judge noted:

 As set forth previously, had plaintiff been
 allowed to remain in the position as a
 provisional employee, she would have displaced
 someone entitled to the appointment

 9 A-2063-15T3
 permanently from the certified list generated
 by the [CSC]. N.J.A.C. 4A:4-1.5.

 [Plaintiff] was given the opportunity. She
 took the test. It's where she placed on the
 test [that] was out of the control of the
 County and within her control.

 The County could not pass over departmental
 employees ranked ahead of her because she did
 not have preference as a provisional
 employee.[5] There simply were not enough
 vacancies to reach where she placed on the
 list and, as such, she was returned to her
 previous . . . permanent vacancy.

 [Plaintiff] remained on the list and remained
 eligible for future vacancy when the County
 could reach her rank.

 Judge Rose rejected plaintiff's contention that the

settlement agreement lacked consideration. Plaintiff based this

argument on Quintana's deposition testimony that plaintiff would

have received the provisional promotion to SW Bilingual regardless

of whether she signed the settlement agreement. The judge noted

Quintana's further testimony that the provisional appointment

provided plaintiff a remedy for her discrimination complaint.

Moreover, plaintiff "was given the benefit of a provisional

5
 See N.J.A.C. 4A:4-1.5(a)(1) (stating that a provisional
appointment may be made only when "[t]here is no complete list of
eligibles, and no one remaining on an incomplete list will accept
provisional appointment." Moreover, "'the best that can be said'
of a candidate on an eligible list is that he has 'a right to be
considered for appointment.'" In re Foglio, 207 N.J. 38, 44-45
(2011) (quoting Nunan v. N.J. Dep't of Pers., 244 N.J. Super. 494,
497 (App. Div. 1990), certif. denied, 126 N.J. 335 (1991)).

 10 A-2063-15T3
position subject to Civil Service examination and eligibility

requirements," and thus received the added salary and benefits

associated with the SW Bilingual position from May 22, 2011 to

June 18, 2012. The judge also found that "in withdrawing her

discrimination complaint, plaintiff received the benefit of

avoiding protracted litigation" and achieved certainty of result.

 Based on these rulings, the judge concluded "the breach of

contract claim is not viable and the LAD claim premised on breach

of settlement agreement is not viable." Absent any viable claims,

dismissal of the complaint was warranted.

 Having reviewed the record, briefs, and arguments of counsel,

we find no basis to disturb Judge Rose's thoughtful analysis of

the issues presented and affirm, substantially for the reasons set

forth in her opinion. We add only that plaintiff's arguments

regarding dismissal of the complaint fail on the following

procedural and substantive grounds.

 First, it is axiomatic that we review final orders and

judgments, not the opinions that support them. Do-Wop Corp. v.

City of Rahway, 168 N.J. 191, 199 (2001). There is no doubt that

the trial court's opinion interpreting the settlement agreement

in defendant's favor left plaintiff with no viable claim and thus

resulted in dismissal of the complaint. However, plaintiff's

notice of appeal only identifies the court's December 8, 2015

 11 A-2063-15T3
order denying the in limine motion, and not the subsequent March

21, 2016 order that dismissed the case. It is equally well-settled

that we review "only the judgment or orders designated in the

notice of appeal[.]" 1266 Apartment Corp. v. New Horizon Deli,

Inc., 368 N.J. Super. 456, 459 (App. Div. 2004) (citing Sikes v.

Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div.), aff'd

o.b., 138 N.J. 41 (1994)); see also R. 2:5-1(f)(3)(A). Stated

differently, any arguments raised by plaintiff that fall outside

the four corners of the Notice of Appeal fall outside the scope

of our appellate jurisdiction in this case, and are therefore not

reviewable as a matter of law.

 Second, in her brief, plaintiff concedes she filed the in

limine motion "since a summary judgment motion could not comply

with the requirement [of Rule 4:46-1] that the motion be made

returnable not later than [thirty days] before the scheduled trial

date." However, as we recently emphasized:

 We have repeatedly condemned the filing or
 consideration of in limine motions that seek
 an action's termination. See Cho v. Trinitas
 Reg'l Med. Ctr., 443 N.J. Super. 461, 464, 470
 (App. Div. 2015), certif. denied, 224 N.J. 529
 (2016); Klier v. Sordoni Skanska Constr. Co.,
 337 N.J. Super. 76, 83-85 (App. Div. 2001).
 Our court rules simply do not countenance the
 practice of filing dispositive motions on the
 eve of or at the time of trial. An in limine
 motion, filed at such late date, is
 permissible only when it addresses preliminary
 or evidentiary issues. Even then, such

 12 A-2063-15T3
 motions are "disfavor[ed]," Cho, supra, 443
 N.J. Super. at 470; State v. Cordero, 438 N.J.
 Super. 472, 484-85 (App. Div. 2014), certif.
 denied, 221 N.J. 287 (2015), and should be
 heard "only sparingly," Bellardini v.
 Krikorian, 222 N.J. Super. 457, 464 (App. Div.
 1988).

 [L.C. v. M.A.J., ___ N.J. Super. ___, ___
 (App. Div. 2017) (slip op. at 3).]

 In any event, after the imminent trial date was adjourned and

the case rescheduled, Judge Rose aptly recognized this was "a

dispositive motion . . . for summary judgment disguised as a motion

in limine." The following colloquy ensued at oral argument:

 THE COURT: Again, it sounds like a summary
 judgment motion. If there's no factual issue,
 it's a summary judgment motion, is it not?

 PLAINTIFF'S COUNSEL: In effect. In effect.
 And my thought was, given the procedural hang-
 ups that we've discussed already, let's just
 bring it in, waive the jury, present it to the
 [c]ourt and get it done, and if the [c]ourt
 decides testimony is needed, then we do it.
 If we don't, then the [c]ourt decides it
 summarily.

 The judge was cautious in confirming that defense counsel

consented to treat the motion as a summary judgment motion and had

adequate opportunity to respond to it. Only then did the judge

determine that plaintiff was not entitled to summary judgment

because interpretation of the settlement agreement was a matter

of law and the terms of the agreement were clear on its face and

 13 A-2063-15T3
contextually did not support the meaning that plaintiff ascribed

to them.

 Finally, following her ruling on the interpretation issue,

the judge granted a recess to allow counsel to assess the

procedural posture of the case. Plaintiff's counsel then candidly

conceded that interpretation of the settlement agreement was the

"pivotal issue" and plaintiff was effectively left with no viable

claims after the judge ruled on the motion. "We are satisfied

that the concession by [plaintiff's] counsel on the motion for

summary judgment forecloses [plaintiff's] contrary argument on

appeal." Ji v. Palmer, 333 N.J. Super. 451, 459 (App. Div. 2000)

(citing Misani v. Ortho. Pharm. Corp., 44 N.J. 552, 555-56, appeal

dismissed, 382 U.S. 203, 86 S. Ct. 398, 15 L. Ed. 2d 270 (1965);

First Am. Title Ins. Co. v. Vision Mortgage Corp., 298 N.J. Super.

138, 143 (App. Div. 1997)).

 Affirmed.

 14 A-2063-15T3