**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4366-16T1

IN THE MATTER OF
WILLIAM PEPPARD, COUNTY
POLICE SERGEANT (PC5095N),
BERGEN COUNTY.

_____

Submitted September 17, 2018 – Decided September 25, 2018

Before Judges Messano and Rose.

On appeal from the New Jersey Civil Service Commission, Docket No. 2017-7865.

Loccke, Correia & Bukosky, attorneys for appellant William Peppard (Corey M. Sargeant, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Pamela N. Ullman, Deputy Attorney General, on the brief).

PER CURIAM

William Peppard appeals from the May 3, 2017 final agency decision of

the Civil Service Commission (CSC) denying his request for retroactive

appointment as a sergeant in the Bergen County Police Department. The facts are undisputed.

Peppard was scheduled to take the sergeant's examination on June 1, 2013, but failed to appear. In its March 5, 2014 order, the CSC granted Peppard's request to take a make-up examination upon his furnishing proof of his military deployment explaining his non-appearance. The order also provided that if Peppard passed the exam, his name would be prospectively added to the certified list of eligibles; if appointed and upon successfully completing his working test period, Peppard or the appointing authority could petition for a retroactive appointment for seniority purposes. As a result of the June 2013 test, a list of eligibles was promulgated in August 2014, and Bergen County made five appointments from the list effective October 1, 2014.

For reasons that are not fully explained by the record, and for which Peppard does not blame the CSC, the make-up exam was not administered until January 2016.[1] Peppard passed the exam and was ranked "2A." He was then added to the list of eligibles set to expire on August 6, 2017. On December 8, 2016, Peppard petitioned the CSC for appointment to the list, retroactive to its

_____

[1] Peppard asserts a "consent decree" prohibited the administration of a make-up exam until January 2016. At another point in his brief, he states without any further explanation or support that the delay was "caused by the County."

2

August 22, 2014 certification date. Peppard asserted that vacancies existed, thereby permitting his promotion without displacing previous appointees.

In its final decision denying the petition, the CSC noted that N.J.A.C. 4A:4-1.10(c) permits a retroactive appointment "to correct an administrative error, for administrative delay or for other good cause." Therefore, the CSC will grant a retroactive appointment "where an employee is actually serving in and performing the duties of a title, but, due to some error or other good cause, the employee's attainment of permanent status was delayed or hindered[,]" or "their name was improperly removed from or bypassed on an eligible list." In such circumstances, to correct the "improper list removal or bypass," the CSC may also order "the employee's appointment and a retroactive date of permanent appointment commensurate with the date of which other candidates were appointed" from the certified list of eligibles.

The CSC observed that it lacked any authority to tell the appointing authority, Bergen County, "what positions to create and how to manage its workforce." Therefore, that vacancies existed and Peppard's appointment to the rank of sergeant would not displace others was irrelevant. The CSC noted that the regulations "do[] not mandate that [d]epartments or jurisdictions spend funds to make promotional appointments, and promotional appointments are not

A-4366-16T1

entitlements, but [rather] are based on factors such as the needs of the appointing authority to fill a vacancy subject to fiscal and other considerations, which include merit and fitness." Citing our decision in <u>Nunan v. Department of Personnel</u>, 244 N.J. Super. 494 (App. Div. 1990), the CSC said Peppard "does not possess a vested property interest in a vacant position," but only that he "will be considered for an applicable position so long as the eligible list remains in force." The CSC denied the petition, and this appeal followed.

The scope of our review of an agency decision is limited. <u>Russo v. Bd. of Trs., Police & Firemen's Ret. Sys.</u>, 206 N.J.14, 27 (2011) (citing <u>In re Herrmann</u>, 192 N.J. 19, 27 (2007)). The decision should be upheld unless there is a "clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." <u>Ibid.</u> (quoting <u>Herrmann</u>, 192 N.J. at 27-28). Although we are not bound by the "agency's interpretation of a statute or its determination of a strictly legal issue," <u>ibid.</u> (quoting <u>Mayflower Sec. Co. v. Bureau of Sec.</u>, 64 N.J. 85, 93 (1973)), we "presume that the regulations they pass are valid because 'agencies have the specialized expertise necessary to enact regulations dealing with technical matters.'" <u>In re Adoption of N.J.A.C. 7:15-5.24(b)</u>, 420 N.J. Super. 552, 564 (App. Div. 2011) (quoting <u>N.J. State League of Municipalities v. Dep't of Cmty. Affairs</u>, 158 N.J. 211, 222 (1999)).

4

Peppard argues that the CSC erred in denying his petition because had he been on the certified list of eligibles in 2014, and given his veteran status, he would have certainly been appointed, and the regulations permit his retroactive appointment under these circumstances. We disagree and affirm substantially for the reasons expressed by the CSC in its final agency decision. We add the following brief comments.

None of the regulations cited by Peppard in his brief compels a contrary result. For example, N.J.A.C. 4A:4-3.6(b) requires the CSC to "determine the retroactive certification and/or appointment rights" when "the name of an eligible is added to an existing list to correct an error made by the [CSC]," but otherwise gives the CSC the authority to "determine the effect" of adding a name to the list of eligibles "on certifications and prior permanent appointments." Here, Peppard was not omitted from the 2014 list because of the CSC's error.

N.J.A.C. 4A:4-6.4A(a) governs the status of an active military employee already "on an open competitive eligible list" who "is called to active Federal duty prior to the list's expiration date, and who does not return from active Federal duty until after the list's expiration." Peppard was not on an open competitive list until he took and passed the make-up examination in 2016. Moreover, the CSC granted Peppard the relief he was entitled to given his

military status. N.J.A.C. 4A:4-2.9(c) states that employees on military leave are permitted to take make-up examinations they miss while on leave if eligible. If the examinee passes the make-up examination, his or her score will be added to the eligible list as if they had taken the exam when it was originally administered. Ibid. The CSC's March 5, 2014 order granted Peppard's initial appeal and permitted him to take the make-up examination.

Peppard argues the CSC failed to consider that appointment to the list after he passed the examination was only a Pyrrhic victory, because placement on the existing list of eligibles provided no remedy due to "merger within the county," resultant "attrition," and no possibility of a future list for the title.[2] However, the CSC considered these circumstances and correctly noted that regardless of when he was placed on the list of eligibles, Peppard had no "vested right to appointment." Nunan, 244 N.J. Super. at 497 (quoting In re Crowley, 193 N.J. Super. 197, 210 (App. Div. 1984)); see also In re Foglio, 207 N.J. 38, 44 (2011) ("No right accrues to a candidate whose name is placed on an eligible list.") (citing Crowley, 193 N.J. Super. at 210).

---

[2] Although not fully explained in the record, it appears that the Bergen County Police Department merged into another department, presumably the Sheriff's Department.

A-4366-16T1

Lastly, Peppard's reliance on In re Meter Reader, Lavalette Borough (M1344L), N.J. CSC LEXIS 172 (Feb. 22, 2012), is misplaced. There, the employee had been serving in the title as a provisional appointment for three years during which time the appointing authority delayed administration of an examination for unexplained reasons. Id. at 6. Here, Peppard was not serving provisionally when the test was administered and none of the "particular facts" noted by the CSC in that case apply here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4366-16T1