21 A.3d 631 (2011)
420 N.J. Super. 321
Judith A. MESSICK, Appellant,
v.
BOARD OF REVIEW and A Best Management, Inc. SP AC, Respondents.
Docket No. A-3849-09T2
Superior Court of New Jersey, Appellate Division.
Submitted February 28, 2011.
Decided June 30, 2011.
*632 Hoffman DiMuzio, attorneys for appellant (Jeremiah J. Atkins, on the brief).
Paula T. Dow, Attorney General, attorney for respondent Board of Review (Lewis A. Scheindlin, Assistant Attorney General, of counsel; Brady Montalbano Connaughton, Deputy Attorney General, on the brief).
Respondent A Best Management, Inc. SP AC has not filed a brief.
Before Judges KESTIN, NEWMAN and EICHEN.
The opinion of the court was delivered by
KESTIN, J.A.D. (retired and temporarily assigned on recall).
Judith A. Messick, a claimant for unemployment benefits, appeals from a final decision of the Board of Review holding her "disqualified for benefits . . . under N.J.S.A. 43:21-5(a) as she left work voluntarily without good cause attributable to such work." We affirm.
The Board of Review's decision was the final step in an internal agency process. That determination was based upon findings of fact at variance with those made in *633 the Appeal Tribunal, which had rendered a decision in favor of the claimant that was disputed by the employer, A Best Management, Inc. SP AC. The Appeal Tribunal decision, in turn, had overruled a decision by the Deputy evaluating the claim in the first instance, who held claimant to be disqualified for the benefits she sought.
The standard of review we apply in appeals from administrative agency decisions, including those of the Board of Review, embodies limitations. "[T]he test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Brady v. Board of Review, 152 N.J. 197, 210, 704 A.2d 547 (1997) (quoting Charatan v. Board of Review, 200 N.J.Super. 74, 79, 490 A.2d 352 (App.Div.1985)). Because we are required to defer to an agency's technical expertise, its superior knowledge of its subject matter area, and its fact-finding role, see Greenwood v. State Police Training Ctr., 127 N.J. 500, 513, 606 A.2d 336 (1992); Close v. Kordulak Bros., 44 N.J. 589, 599, 210 A.2d 753 (1965); Doering v. Board of Review, 203 N.J.Super. 241, 245, 496 A.2d 720 (App.Div.1985), "if [its] factual findings are supported by sufficient credible evidence, courts are obliged to accept them." Self v. Board of Review, 91 N.J. 453, 459, 453 A.2d 170 (1982). See also Clowes v. Terminix International, Inc., 109 N.J. 575, 587, 538 A.2d 794 (1988); Goodman v. London Metals Exchange, Inc., 86 N.J. 19, 28-29, 429 A.2d 341 (1981); In re Suspension of License of Silberman, 169 N.J.Super. 243, 255-56, 404 A.2d 1164 (App.Div.1979), aff'd, 84 N.J. 303, 418 A.2d 266 (1980).
The same standard does not apply internally within an agency with layers of decision-making and review. The appeal to us from the Board of Review is from the highest decision-making entity in the agency that administers entitlements to unemployment compensation benefits. See Unemployed-Employed Council of N.J., Inc. v. Horn, 85 N.J. 646, 653-54, 428 A.2d 1305 (1981); see also, generally, Department of Health v. Tegnazian, 194 N.J.Super. 435, 449, 477 A.2d 363 (App. Div.1984). As a general rule, an administrative agency has discretion in choosing the "procedural mode of action" within the agency that it will undertake in its exercise of its decision-making function; but any such "procedural mode" is "valid only when there is compliance with the provisions of the Administrative Procedure Act (APA), N.J.S.A. 52:14B-1 to -15, and due process requirements." In re Provision of Basic Generation Serv. for Period Beginning June 1, 2008, 205 N.J. 339, 347, 15 A.3d 829 (2011) (citing Northwest Covenant Med. Ctr. v. Fishman, 167 N.J. 123, 137, 770 A.2d 233 (2001)); see also, e.g., Pitts v. Racing Comm'n, 185 N.J.Super. 190, 195-96, 447 A.2d 1348 (App.Div.1982). The procedures governing hearings of claims for unemployment compensation, as conducted by the Deputies, the Appeal Tribunal, and the Board of Review are exempt from many of the Administrative Procedure Act's requirements and the rules adopted pursuant thereto for adjudicating contested cases, N.J.A.C. 1:1-1 to -21. See Horn, supra, 85 N.J. at 662, 428 A.2d 1305.
The regulations governing the internal appeals process in unemployment compensation proceedings clearly establish the Board of Review's authority to engage in a plenary, de novo review of the evidentiary record; i.e., to make findings independent of those made on the Appeal Tribunal level, and to conduct further evidentiary hearings. See N.J.A.C. 12:20 (Appendix, 1:12-14.3); Horn, supra, 85 N.J. at 653-54, 428 A.2d 1305.
*634 It is a regime markedly different from agency-head reviews of decisions rendered in contested cases by administrative law judges assigned by the Office of Administrative Law. In such instances, where the Administrative Procedure Act, N.J.S.A. 52:14B-1 to -25; see also N.J.S.A. 52:14F-1 to -23, establishes a mode of initial factual determination that is separate from and independent of the agency from which the contested case arises, the contemplated dynamic on the administrative level is to require the agency head, in making findings of fact at variance with the administrative law judge, to state with particularity its reasons for rejecting the findings; and it may not reject the findings "as to issues of credibility of lay witness testimony unless it is first determined from a review of the record that the findings are arbitrary, capricious or unreasonable or are not supported by sufficient, competent and credible evidence in the record." N.J.S.A. 52:14B-10(c). See Clowes, supra, 109 N.J. at 587-88, 538 A.2d 794; In re Hruska, 375 N.J.Super. 202, 867 A.2d 479 (App.Div.2005); S.D. v. Division of Medical Assistance, 349 N.J.Super. 480, 485, 793 A.2d 871 (App.Div.2002); Tegnazian, supra, 194 N.J.Super. at 442-51, 477 A.2d 363. As we have stated, the paradigm in unemployment compensation cases is different.
The issues in this case arose from an incident in Gloucester Manor, a health care facility in which claimant worked as a charge nurse. She alleged that, on October 29, 2008, as she was administering medications from her medical cart, she was kicked in her back by the assistant director of nursing as that person was assisting in moving residents to another wing because of a loss of heat. According to claimant, the assistant director of nursing kicked her as she passed by, causing claimant to fall into her cart, which then rolled into the wall. Claimant asserted that she received "a large bruise on her right thigh where she had hit the cart." She reported the incident and the alleged injury to a supervisor and took some pain medication. The next day, she testified, was a scheduled day off for her, and she went to an emergency room because of the pain. Several days later, she filed criminal charges against the offending fellow employee, but eventually withdrew them.
Claimant took a five-week medical leave until December 2, 2008. She contended that, on her return, she was supposed to be given "light duty", but was not accommodated and, as a result, was "in serious pain" by the end of the day. On the same day, claimant asserted, her assailant made an obscene gesture to her and said: "I'm going to get your license." Claimant's complaint to an administrator was unavailing. As a result of this treatment, claimant resigned from her job and filed an application for unemployment benefits.
That application was dealt with initially in a routine manner. The claim was first considered by a Deputy to the Director of the Division of Unemployment Insurance, who denied the application based on a finding that claimant was disqualified from benefits because she had left her job voluntarily without good cause attributable to the work. Claimant appealed from that determination to the Appeal Tribunal. Following a brief telephone hearing at which only claimant testified, the appeals examiner ultimately found: "No disqualification applies under N.J.S.A. 43:21-5(a), as the claimant did not leave work voluntarily without good cause attributable to such work."
The employer, through its representative, appealed to the Board of Review on the grounds "that this representative, who[ ] exclusively represents employer at unemployment hearings before the Appeal *635 Tribunal, was unavailable on the date of the hearing" because of a conflict with his wedding ceremony, and that the appeals examiner had declined to adjourn the hearing. The Board of Review found this reason to constitute "good cause", and it remanded for a new "hearing and decision on all issues." The new hearing, also telephonic, was held on two separate days, with witnesses on both sides supporting and refuting claimant's allegations. The result was detailed findings by the same appeals examiner, and a reiterated conclusion that claimant was not disqualified from benefits because she "did not leave work voluntarily without good cause attributable to such work."
The appeals examiner found, inter alia, that the kick was the result of "joking around" by the assistant director of nursing, and that the employer had sent claimant a letter "indicating that [an] investigation [had been] completed and her allegations of an assault were unfounded." The appeals examiner observed:
The claimant was upset with the investigation results and met with the administrator to discuss the letter. The administrator refused to discuss the matter because it was now a criminal case. Because the administrator instructed her to contact their attorneys, the claimant understood his ultimate behavior in the meeting was hostile.
The claimant advised her superior that she was resigning. The claimant never mentioned to the employer that she was resigning because she was harassed by the assistant director of nursing.
The appeals examiner's findings of fact culminated with references to claimant's experiences with her workers' compensation doctors, and conflicting opinions she received from them. The findings note that post-November 11, 2008 medical documentation from either party was lacking.
The Appeal Tribunal decision, based upon these findings, contained the following conclusions:
In this matter, the claimant contends that she left the job due to harassment and health reasons. The Appeals Tribunal views the claimant's testimony as more credible due to the obvious evidence that she was injured as a result of her assistant director of nursing's behavior.
The burden of proof relies upon [sic] the claimant to demonstrate that she left the job for good cause attributable to the work. First, the claimant left the job due to harassment. The claimant has failed to provide evidence that she was harassed when she returned from her leave.
Secondly, the claimant left the job due to health reasons. The evidence demonstrates that the claimant was still disabled after 12/2/08, due to work related injury.
It appears that the claimant endured a more than normal amount of problems related to the senseless work related injury. The claimant demonstrates good cause for leaving.
On the employer's appeal from that decision, the Board of Review analyzed the evidentiary record made in the Appeal Tribunal and arrived at findings and a conclusion that differed from those of the Appeal Tribunal. The Board determined that claimant was "disqualified for benefits . . . as she left work voluntarily without good cause attributable to such work." It is from that decision that claimant's instant appeal has been taken.
The Board of Review found that the kicking incident had stemmed from the efforts of the assistant director of nursing *636 to "relieve the stress" associated with moving patients from one wing to another.
She and a certified nurse[']s assistant were kicking each other. The assistant director of nursing slipped and hit a wheelchair. The claimant was working the area, but she was not struck and was not injured by this action. The claimant told her supervisor that the assistant director of nursing had kicked her causing injuries to her neck and back. She reported the incident to the police five days later. The claimant went on medical leave the following day due to a prior preexisting condition. She returned to work on December 2, 2008. The employer's workers' compensation doctor had cleared the claimant to return to work for full duty without restriction. The claimant never informed the employer that she needed light duty work or presented any medical documentation showing this.
The claimant went to the administrator's office on December 2, 2008 and he gave her a letter which stated that he conducted an investigation to [sic] the incident of October 29, 2008 and that he found that there was insufficient evidence to conclude that the assistant director of nursing act[ed] in a threatening manner or made any physical contact with the claimant on that date. The claimant wanted to discuss the letter with him, but he refused because the claimant had filed a criminal complaint against the assistant director of nursing. The claimant worked the remainder of her shift that day without incident and after she returned home telephoned the employer and said that she resigned.
The Board of Review disagreed with the Appeal Tribunal's conclusion that the claimant had left her job with good cause attributable to the work on the basis that the claimant was injured senselessly from the incident of October 29, 2008, and "endured a more than normal amount of problems" because of the incident. The Board of Review concluded, instead:
The claimant contended that she was injured on October 29, 2008 at the employment, but has presented no medical evidence that supports this. In fact, the claimant also dropped the criminal complaint against the assistant director of nursing. The claimant also contended that she could only do light duty on December 2, 2008. However, she also presented no medical evidence that supports that contention and the claimant never asked the employer for light duty work. She worked her entire last day without complaint other than she was upset over the letter the administrator gave her that showed the assistant director of nursing would not be disciplined. The claimant therefore, resigned for that reason which is not good cause to leave gainful employment.
Given the Board of Review's authority to engage in a de novo review of the record, our assessment of its decision is limited by the substantial evidence rule. See Close, supra, 44 N.J. at 599, 210 A.2d 753. De novo review includes the authority to make different credibility assessments where the record is open to competing interpretations. See State v. Kashi, 180 N.J. 45, 48, 848 A.2d 744 (2004) (The Law Division in "conducting a de novo review must give due, but `not necessarily controlling, regard to the opportunity of the [municipal court] to judge the credibility of the witnesses.'" (quoting State v. Johnson 42 N.J. 146, 157, 199 A.2d 809 (1964))). Claimant has provided us with no persuasive argument that the Board of Review's findings, based largely on its credibility evaluations and expert assessments of the evidence presented, were beyond *637 the pale of acceptability referred to in Self, supra, 91 N.J. at 459, 453 A.2d 170; i.e., lacking sufficient evidentiary support. We discern that the findings made and conclusions reached by the Board of Review are supported by substantial credible evidence in the record and, therefore, command our respect.
Distilled to their essence, the arguments claimant advances on appeal are that the Board erred in applying the legal standards for eligibility to the facts as it found themthat the conditions of employment were sufficiently threatening to claimant's personal health, safety or well-being as to constitute good cause to leave the employment. See Krauss v. A. & M. Karagheusian, Inc., 13 N.J. 447, 464-65, 100 A.2d 277 (1953); Condo v. Board of Review, 158 N.J.Super. 172, 175, 385 A.2d 920 (App. Div.1978); Associated Utility Services, Inc. v. Board of Review, 131 N.J.Super. 584, 587, 331 A.2d 39 (App.Div.1974). As part of the substantial evidence rule, we are enjoined to defer to the Board's subject matter expertise as it discharges its responsibility to apply pertinent legal standards to the facts it finds. See Close, supra, 44 N.J. at 599, 210 A.2d 753; Brady, supra, 152 N.J. at 210, 704 A.2d 547; In re Authorization to Conduct a Referendum on the Withdrawal of the Oradell from the River Dell Reg'l Sch. Dist., 406 N.J.Super. 198, 205, 967 A.2d 341 (App. Div.2009). In the light of the arguments advanced by the parties, we discern nothing material in the Board of Review's decision that satisfies the "arbitrary, capricious or unreasonable" test. Thus, we must reject the arguments at the heart of claimant's appeal.
Affirmed.