NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1942-15T4

ATLANTIC FREIGHT SYSTEMS,
INC.,

 Appellant,

v.

BOARD OF REVIEW and
NICHOLAS V. MARTINEZ,

 Respondents.
_______________________________

 Submitted July 18, 2017 – Decided October 30, 2017

 Before Judges Ostrer and Leone.

 On appeal from the Board of Review, Department
 of Labor and Workforce Development, Docket No.
 043-947.

 Kenneth A. Olsen, attorney for appellant.

 Christopher S. Porrino, Attorney General,
 attorney for respondent Board of Review
 (Melissa Dutton Schaffer, Assistant Attorney
 General, of counsel; Adam K. Phelps, Deputy
 Attorney General, on the brief).

 Respondent Nicholas V. Martinez has not filed
 a brief.

PER CURIAM
 The substantive issue in this unemployment compensation

appeal is whether Nicholas V. Martinez quit his job as a truck

driver for Atlantic Freight Systems, Inc., or whether Atlantic

fired him. The Appeal Tribunal believed Atlantic's

representatives, who said he quit. The Board of Review reversed,

after crediting Martinez, who said he was fired in retaliation for

filing a wage and hour complaint against his employer. The Board

relied on various documentary records that it found corroborated

Martinez's version.

 The Board is empowered to review the Tribunal's decision de

novo, Messick v. Bd. of Review, 420 N.J. Super. 321, 330 (App.

Div. 2011), and we defer to the Board's decision unless it is

arbitrary, capricious, or unreasonable, or is unsupported by

substantial credible evidence. Brady v. Bd. of Review, 152 N.J.

197, 210 (1997). However, we decline to decide that issue on the

record before us, because of a procedural issue: Atlantic claims

it did not receive notice of Martinez's appeal to the Board, until

the Board ruled against it. Atlantic's counsel then wrote to the

Board, asking it to reopen the record, to consider its arguments

and various supporting materials. However, the Board took no

further action.

 Fundamental to due process is notice and an opportunity to

be heard. Rivera v. Bd. of Review, 127 N.J. 578, 583 (1992). On

 2 A-1942-15T4
appeal to us, the Board does not present any evidence that Atlantic

actually received notice, nor does it defend its evident refusal

to consider Atlantic's post-decision submission.

 We therefore vacate the Board's decision and remand for

consideration of Atlantic's opposition to the appeal. We do not

retain jurisdiction.

 3 A-1942-15T4