**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0057-19T3

DAVID HARAK,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
STATE POLICE RETIREMENT
SYSTEM,

     Respondent-Respondent.

_____

Argued October 13, 2020 – Decided October 27, 2020

Before Judges Rothstadt and Mayer.

On appeal from the Board of Trustees of the State Police Retirement System, SPRS No. 8-10-004739.

Samuel J. Halpern argued the cause for appellant.

Austin J. Edwards, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Austin J. Edwards, on the brief).

PER CURIAM

Petitioner David Harak appeals from a July 24, 2019 final agency decision of respondent Board of Trustees of the State Police Retirement System (Board), denying his application for an accidental disability retirement pension. We affirm.

Harak became a State Trooper in 2001. In 2005, he began experiencing back issues due to a fall in his home. In 2006, he underwent L-4 and L-5 lumbar disc replacement surgery. After that surgery, Harak returned to work without restriction, continued to perform his official duties without difficulty, and took prescription pain medication as needed. Due to Harak's lingering back pain, Harak went to see Dr. Andrew Casden, an orthopedic surgeon. In March 2007, Dr. Casden diagnosed a failed disc replacement from the 2006 surgery. As a result, Dr. Casden performed a lumbar laminectomy and spinal fusion surgery at the L-4 and L-5 levels. After the second surgery, Harak received physical therapy, returned to light duty, and then resumed full duty without restrictions. Harak continued taking prescription medication for muscle spasms and back pain.

On June 27, 2010, Harak was involved in an on-duty accident in his police vehicle and he went to the hospital complaining of back pain. In September 2010, Dr. Casden performed a third surgery for a failed spinal fusion at the L-4

and L-5 levels. Harak never returned to full time duty after the 2010 surgery. On June 11, 2015, he filed an application for receipt of accidental disability retirement benefits, citing neck pain radiating into his wrists and back pain radiating into his legs as a result of the 2010 accident.

On March 22, 2016, the Board denied Harak's request for accidental disability retirement benefits but awarded him ordinary disability retirement benefits. The Board found the 2010 motor vehicle accident was a traumatic event and Harak was permanently and totally disabled for duty as a State Trooper. However, the Board determined Harak's disability was not the direct result of the 2010 accident but rather a pre-existing condition standing alone, or a pre-existing condition aggravated or accelerated by work effort.

Harak appealed the Board's denial, and the matter was transferred to the Office of Administrative Law and assigned to an administrative law judge (ALJ) for a hearing. At the hearing, the ALJ heard testimony from Harak, Dr. Casden, and the Board's expert in orthopedic surgery, Dr. Jeffery Lakin.

In a written decision, the ALJ summarized the testimony of the witnesses. Dr. Casden, a board-certified orthopedic surgeon, performed two of Harak's back surgeries. Dr. Casden started treating Harak in 2007, after his first back surgery. Dr. Casden performed the second back surgery in 2007 and continued

3

to see Harak routinely thereafter. After the motor vehicle accident in 2010, Dr. Casden removed the prior hardware in Harak's back and performed a spinal fusion at the L-4 and L-5 levels. After the third lumbar surgery, Dr. Casden opined Harak could no longer perform the duties of a State Trooper. In his written report submitted as evidence during the hearing, Dr. Casden acknowledged the 2010 motor vehicle accident aggravated a pre-existing injury "but that it was the essential cause of the disability [because Harak] was working full duty prior to the accident."

Harak was examined by the Board's expert, Dr. Lakin, in January 2016. Dr. Lakin reviewed Harak's medical history and performed a physical examination. Based on petitioner's medical history and physical examination, Dr. Lakin concluded Harak was totally and permanently disabled due to a back injury, which was not a direct result of any traumatic event, but rather an aggravation of a pre-existing condition.

Based on the testimony and written evidence, the ALJ concluded Harak failed to meet the "burden of establishing by a preponderance of the credible evidence that the June 27, 2010, accident was the cause of the total and permanent disability." She also made credibility determinations regarding the experts' testimony. The ALJ noted "the two expert witnesses offered differing

views as to whether petitioner's disability [was] the direct result of the June 27, 2010 accident."  According to the ALJ, both experts "present[ed] their opinion to an acceptable degree of medical certainty, and based their opinion on a physical examination, a review of history and of medical records, and measured their findings against petitioner's job requirements."

On balance, the ALJ accorded greater weight to the testimony of the Board's expert and found his opinion more persuasive.  She found "Dr. Lakin offered clear, concise and detailed testimony and demonstrated impressive knowledge in the area."  Further, the ALJ concluded Dr. Lakin's opinion "was consistent with the other medical reports and objective findings," and he provided a "detailed tying of petitioner's condition" to a pre-existing medical condition aggravated by the 2010 accident.  In deeming Dr. Lakin's testimony more credible, and applying well-settled case law, the ALJ determined "the work-related accident may have aggravated or accelerated [Harak's] condition, but the accident was not the essential significant or substantial contributing cause of [his] inability to perform his regular and assigned duties."  The ALJ concluded "petitioner's disability was not a direct result of the alleged traumatic events and was a result of a pre-existing condition," rendering Harak ineligible for accidental disability retirement benefits.

A-0057-19T3

After the ALJ issued her decision, Harak filed exceptions, relying on Dr. Casden's expert opinion as his treating doctor and the fact that Harak was able to perform his duties as a State Trooper without limitation prior to the 2010 accident. The Board rejected Harak's exceptions and issued a final decision, affirming the ALJ's determination that Harak's disability was the result of a preexisting condition and not the subject accident.

On appeal, Harak argues the Board's determination was arbitrary, capricious, and unreasonable. He contends the Board erred in failing to give more weight to the testimony of his treating physician than the Board's expert doctor. We disagree.

Our review of an agency's decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011); Messick v. Bd. of Review, 420 N.J. Super. 321, 324 (App. Div. 2011). An agency determination should not be reversed "unless it is arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Lavezzi v. State, 219 N.J. 163, 171 (2014) (quoting Prado v. State, 186 N.J. 413, 427 (2006)). However, we review an agency's legal interpretations de novo. Id. at 172. "Generally, courts afford substantial deference to an agency's interpretation of a statute that the agency is charged

with enforcing." Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 196 (2007).

N.J.S.A. 53:5A-10(a) governs the award of accidental disability retirement benefits for members of the State Police. To obtain such benefits, a petitioner must prove he or she "is permanently and totally disabled as a . . . result of the performance of his [or her] duties . . . ." Richardson, 192 N.J. at 195. In Gerba v. Bd. of Trs., Pub. Emps.' Ret. Sys., 83 N.J. 174 (1980), our Supreme Court held that to qualify for accidental disability retirement benefits, it need not be shown that the traumatic event is the "sole or exclusive cause of the disability," but that the alleged traumatic event is "the direct cause, i.e., the essential significant or substantial contributing cause of the disability . . . ." Id. at 187.

We are satisfied "that the evidence and the inferences to be drawn therefrom" support the Board's decision that Harak's back injury was not the direct result of the June 2010 accident, but from a pre-existing history of back injuries, back surgeries, and post-surgery back pain treated with prescription medication starting in 2005 when he fell in his home and continuing through the date of the motor vehicle accident. Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 588 (1988). Having reviewed the record, the Board's decision that Harak was

not entitled to accidental disability retirement benefits was not arbitrary, capricious, or unreasonable and was supported by sufficient credible evidence. We discern no basis to alter the Board's decision. See In Re Young, 202 N.J. 50, 70-71 (2010).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0057-19T3