**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5307-18T2

DORIS CARNEY,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and STATE OF NEW JERSEY,

     Respondents.

_____

Submitted December 7, 2020 – Decided January 08, 2021

Before Judges Messano and Suter.

On appeal from the Board of Review, Department of Labor, Docket No. 177,229.

Koller Law LLC, attorneys for appellant (David M. Koller, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Sookie Bae-Park, Assistant Attorney General, of counsel; Andy Jong, Deputy Attorney General, on the brief).

PER CURIAM

Doris Carney appeals from the final decision of the Board of Review (the Board) that affirmed the decision of the Appeal Tribunal (the Tribunal), finding her ineligible for unemployment benefits because she left work voluntarily without good cause attributable to such work. See N.J.S.A. 43:21-5(a). We affirm.

Carney worked at the New Jersey Department of Children and Families (DCF) as a Family Service Specialist I from September 10, 2001 to December 31, 2018. In March 2019, Carney applied for unemployment benefits, and the Deputy of the Division of Unemployment Insurance (the Deputy) found her ineligible. She appealed, and a telephonic hearing occurred before the Tribunal on April 10, 2019.

Carney testified that she had difficulty working with her supervisor, claiming the supervisor delayed approving Carney's vacation, rolled her eyes, sent ten to fifteen emails to Carney every day, texted Carney after work hours, and complained about her work product. Carney said she was behind on her work between January through March because she helped another coworker, and, at her supervisor's request, Carney worked after normal work hours to catch up.

Carney submitted a request to transfer to another unit four times, which DCF denied. In June 2018, Carney submitted her notice of retirement, effective December 31, 2018. She said that she thought "well maybe they'll move me and if they move [me, then] I can always take the retirement thing back." She later contradicted herself by stating that she did not know that she could rescind her retirement. In November 2018, DCF transferred Carney to another unit. Although aware of the transfer, Carney never rescinded her retirement.

DCF's manager of human resources testified that Carney was able to rescind her retirement for thirty days after the effective date, i.e., until January 30, 2019. Carney never contacted human resources about her retirement and never sought to rescind it. In addition, Carney never filed any complaints with the Office of Employee Relations or with the Office of Equal Opportunity and Affirmative Action about the alleged harassment by her supervisor. Although Carney claimed the work environment adversely affected her health, she did not take any medical leave.

Before the Tribunal, Carney attempted to rebut this evidence by arguing that she used her remaining compensation days before the retirement date, and so, was not in the office and had insufficient time to rescind her retirement.

A-5307-T2

The Tribunal found although Carney "felt that the supervisor was bullying her[,]" she "never received warnings and her job was not in jeopardy. Continuing work was available to [Carney]." The Tribunal decided that Carney was disqualified for benefits under N.J.S.A. 43:21-5(a), "as she left work voluntarily without good cause attributable to the work." The Tribunal affirmed the Deputy's determination, and the Board, in turn, affirmed the Tribunal's decision. This appeal followed.

Carney argues that her retirement was not the result of simply job dissatisfaction, but rather was the result of harassment from her supervisor. She contends that the November 2018 transfer to another division was ineffective, because it was "too little and too late[.]"

Our "capacity to review administrative agency decisions is limited." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (citing Pub. Serv. Elec. & Gas Co. v. N.J. Dep't of Env't Prot., 101 N.J. 95, 103 (1985)). "[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether [we] would come to the same conclusion if the original determination was [ours] to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Ibid. (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)). "If the Board's factual

findings are supported 'by sufficient credible evidence, [we] are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)); accord Messick v. Bd. of Review, 420 N.J. Super. 321, 324–25 (App. Div. 2011). Only if the Board's action was arbitrary, capricious, or unreasonable should it be disturbed. Brady, 152 N.J. at 210.

N.J.S.A. 43:21-5(a) provides that "[a]n individual shall be disqualified for benefits . . . [f]or the week in which the individual has left work voluntarily without good cause attributable to such work[.]" "An employee who has left work voluntarily bears the burden of proving that he or she 'did so with good cause attributable to work.'" Ardan v. Bd. of Review, 444 N.J. Super. 576, 585 (App. Div. 2016) (quoting Brady, 152 N.J. at 218), aff'd in part, mod. in part, 231 N.J. 589 (2018); see also N.J.A.C. 12:17-9.1(c).

"An employee's reason for leaving h[er] employment 'must meet the test of ordinary common sense and prudence.'" Fernandez v. Bd. of Review, 304 N.J. Super. 603, 606 (App. Div. 1997) (quoting Zielenski v. Bd. of Review, 85 N.J. Super. 46, 52 (App. Div. 1964)). "The decision to leave employment must be compelled by real, substantial and reasonable circumstances" attributable to the work. Domenico v. Bd. of Review, Dep't of Labor & Indus., 192 N.J. Super. 284, 288 (App. Div. 1983). An employee who leaves for personal reasons,

however compelling, is disqualified from benefits. Utley v. Bd. of Review, Dep't of Labor, 194 N.J. 534, 543–44 (2008).

In Gerber v. Board of Review, the "[c]laimant alleged that [her supervisor] criticized her in front of other employees, causing her unnecessary humiliation, and assigned [the] claimant to assist other employees in their tasks, which led her to fall behind in her own work." 313 N.J. Super. 37, 39 (App. Div. 1998). In addition, the claimant did not present any medical documentation to establish work-related stress. Id. at 40. We held that the reprimands, though humiliating, were not so burdensome to justify departure. Ibid. Here, Carney's circumstances are quite similar.

Contrary to Carney's assertion that she left her employment for good cause attributable to the work, the Tribunal, and in turn the Board, specifically found that Carney's job was never in jeopardy, and that she never rescinded her resignation even after DCF informed her of a transfer. In short, the Tribunal's and the Board's findings were based upon credibility determinations reached after hearing Carney's testimony. We defer to those credibility determinations. Messick, 420 N.J. Super. at 330. In this case, there was sufficient credible evidence for the Board to determine that Carney's decision to retire was personal to her, and "without good cause attributable to [the] work[.]" N.J.S.A. 43:21-

6

5(a).  The Board's decision to deny Carney unemployment benefits was not "arbitrary, capricious, or unreasonable."  <u>Brady</u>, 152 N.J. at 210.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5307-T2