**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3158-19

LATOYA HENDRICKS,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and PSKW, LLC,

     Respondents.

_____

Submitted April 19, 2021 – Decided May 13, 2021

Before Judges Gooden Brown and DeAlmeida.

On appeal from the Board of Review, Department of Labor, Docket No. 199,528.

Latoya Hendricks, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Jane C. Schuster, Assistant Attorney General, of counsel; Sean P. Havern, Deputy Attorney General, on the brief).

PER CURIAM

Latoya Hendricks appeals from the February 6, 2020 final agency decision of the Board of Review (Board) upholding the Appeal Tribunal's determination that she was ineligible for unemployment benefits pursuant to N.J.S.A. 43:21-5(a). We affirm.

We glean these facts from the record. Hendricks worked at PSKW, LLC as "a fixer"[1] from July 11, 2018 to October 18, 2019, when she resigned. Her claim for unemployment benefits filed in November 2019, was denied by the Deputy of the Division of Unemployment Insurance under N.J.S.A. 43:21-5(a), on the ground that Hendricks left work voluntarily without good cause attributable to the work. Thereafter, Hendricks filed a timely administrative appeal.

At a telephonic hearing before the Appeal Tribunal (Tribunal) conducted on December 17, 2019, Hendricks testified she resigned because the childcare program she enrolled her ten-year-old daughter in was discontinued and she "was having an ongoing issue with having someone pick up [her] daughter from school." Hendricks confirmed that there were no changes to the terms of her

---

[1] The position involved assisting pharmacies processing coupons and discount cards for various medications.

employment, and the employer's representatives verified that had Hendricks not resigned, she would still be employed at PSKW, LLC.

Following the hearing, the Tribunal found that "the sole reason [Hendricks] resigned" was "childcare concerns" and that "[c]ontinuing work was available" to her. While "sympathetic to her circumstances," the Tribunal determined Hendricks's "reason for leaving was personal and not attributable to the work. Therefore, she [was] disqualified for benefits . . . in accordance with N.J.S.A. 43:21-5(a) and N.J.A.C. 12:17-9.1(e)(2), as she left work voluntarily without good cause attributable to such work." The Board, in turn, affirmed the Tribunal's decision, and this appeal followed.

On appeal, Hendricks reiterates that "[r]esigning from [her] job was an exceedingly difficult decision" but, without childcare, it was necessary because she "could not risk the welfare of [her] child." Like the Tribunal, while we are sympathetic, our "capacity to review administrative agency decisions is limited." Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997) (citing Pub. Serv. Elec. & Gas Co. v. N.J. Dep't of Env't Prot., 101 N.J. 95, 103 (1985)).

"In reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether [we] would come to the same conclusion if the original determination was [ours] to make, but rather whether

the factfinder could reasonably so conclude upon the proofs." Ibid. (quoting Charatan v. Bd. of Rev., 200 N.J. Super. 74, 79 (App. Div. 1985)). "If the Board's factual findings are supported 'by sufficient credible evidence, [we] are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Rev., 91 N.J. 453, 459 (1982)); accord Messick v. Bd. of Rev., 420 N.J. Super. 321, 324-25 (App. Div. 2011). Only if the Board's action was arbitrary, capricious, or unreasonable should it be disturbed. Brady, 152 N.J. at 210.

N.J.S.A. 43:21-5(a) provides that "[a]n individual shall be disqualified for benefits . . . [f]or the week in which the individual has left work voluntarily without good cause attributable to such work. . . ." While a worker may be eligible for benefits if the "separation from employment[] was caused by work-related factors," a "worker who voluntarily quits [a] job" for "personal circumstances of the worker, unrelated to an alteration in the terms or conditions of employment, . . . cannot show 'good cause' qualifying him [or her] for benefits." Utley v. Bd. of Rev., Dep't of Lab., 194 N.J. 534, 544-45 (2008). Significantly, an employee who leaves "for personal reasons, however compelling, . . . is disqualified" from benefits under the statute. Id. at 544.

Here, by her own admission, Hendricks established that she resigned because of childcare issues. While her reasons were compelling, they were

4

personal to her and unrelated to any change in the terms of her employment. See N.J.A.C. 12:17-9.1(e)(2) ("An individual's separation from employment shall be reviewed as a voluntarily leaving work issue where the separation was for" the "[c]are of children or other relatives. . . ."). Clearly, there was sufficient credible evidence to support the Board's decision to deny Hendricks unemployment benefits, and the Board's decision was not "arbitrary, capricious, or unreasonable." Brady, 152 N.J. at 210.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3158-19