**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0076-21

MICHELLE ROCHE,
IN HER INDIVIDUAL CAPACITY
AND AS CLASS REPRESENTATIVE,

    Plaintiff-Appellant,

v.

AETNA, INC., AETNA HEALTH INC.,
AETNA INSURANCE CO. and
AETNA LIFE INSURANCE CO.,

    Defendant-Respondent.

_____

Submitted September 19, 2023 – Decided November 28, 2023

Before Judges Smith and Perez Friscia.

On appeal from the State Employees' Health Benefits Commission.

Ryan Nicholson Boland (Offit Kurman, PC) and Charles Kannebecker, attorneys for appellant (Ryan Nicholson Boland and Charles Kannebecker, on the briefs).

Anthony Michael Christina (Lowey Dannenberg, PC) attorney for respondents Aetna Inc., Aetna Health Inc.,

Aetna Insurance Co., and Aetna Life Insurance Co. (Anthony Michael Christina, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent School Employees' Health and Benefits Commission (Melissa H. Raska, Assistant Attorney General, of counsel; Alison Keating, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Michelle Roche appeals the final decision of the School Employees Health Benefits Commission (Commission) rejecting her appeal as untimely filed. Roche argues Aetna issued a defective adverse benefits determination, which relieved her of the obligation to file an appeal within 180 days. For the reasons which follow, we affirm.

I.

In 2007 Roche sustained serious injuries in a motor vehicle accident. She sued the tortfeasor and obtained a monetary recovery. At all relevant times, Roche was enrolled in the School Employees Health Benefits Program (SEHBP) through an HMO plan administered by defendant Aetna Life Insurance Company (Aetna)[1]. The SEHBP paid $86,601.72 in benefits for medical

---

[1] We refer to defendants, Aetna, Inc., Aetna Health Inc., Aetna Insurance Co., and Aetna Life Insurance Co., collectively as "Aetna" throughout this opinion.

2

treatment Roche received in 2009 and 2010.  From September 2010 through July 2012, Aetna, through its agent, the Rawlings Company, LLC (Rawlings), sent Roche a series of letters, in which Aetna asserted its right to be reimbursed from any proceeds she recovered in her personal injury lawsuit.

SEHBP detailed its plan terms in a handbook titled, "Aetna Member Handbook for Employee and Retirees Enrolled in the State Health Benefits Program."  The 2009 and 2010 Handbooks, at page 59, include a paragraph entitled, "Reimbursement."  It states in full:

> In addition, if a Covered Person receives any payment from any Responsible Party or Insurance Coverage as a result of an injury, illness, or condition, the Plan has the right to recover from, and be reimbursed by, the Covered Person for all amounts this Plan has paid and will pay as a result of that injury, illness, or condition, up to and including the full amount the Covered Person receives from any Responsible Party.

Roche, through her counsel, reimbursed Aetna $88,075.29 on January 4, 2013.  Shortly afterwards, Roche filed a class action complaint in the Superior Court of New Jersey on May 28, 2013.  Her complaint alleged, "Aetna engaged in illegal subrogation, in violation of New Jersey Law, which prohibits insurers from subrogating against personal injury insurers."  Aetna removed her claim to

3

the United States District Court for the District of New Jersey (Roche I)[2] and filed a motion to dismiss. Aetna argued that their subrogation of Roche's settlement was permissible, and that Roche failed to exhaust her administrative remedies pursuant to the appeals requirements under her insurance policy as detailed in the 2009-10 Aetna Handbooks. The Handbooks, at page 55, contain a paragraph entitled, "Appeals of Adverse Benefits Determinations." The pertinent language states:

> Adverse benefit determinations [(ABD)] are decisions Aetna makes that result in denial, reduction, or termination of a benefit or the amount paid for it. It also means a decision not to provide a benefit or service.
>
> . . . .
>
> Aetna will send you written notice of an adverse benefits determination. The notice will give the reason for the decision and will explain what steps you must take if you wish to appeal. The notice will also tell you about your rights to receive additional information that may be relevant to the appeal. Requests for appeal must be made in writing within 180 days from the receipt of the notice.
>
> . . . .
>
> The Plan provides for two levels of appeal, plus an option to seek external review of the ABD. <u>You must</u>

---

[2] <u>Roche v. Aetna, Inc.</u>, 165 F. Supp. 3d 180 (D.N.J. Feb 29, 2016).

<span>A-0076-21</span>

> complete the two levels of appeal before bringing a lawsuit against the plan.
>
> . . . .
>
> If the Plan's appeals process upholds the original adverse benefits determination, you may have the right to pursue a Health Benefits Commission review of your claim.
>
> [emphasis added].

The district court found the Rawlings letters constituted an adverse benefits determination, and that Roche was required "to seek administrative review before filing suit" even though the letters lacked specific notice regarding administrative appeal steps. Roche, 165 F. Supp. 3d at 187. The court noted Roche possessed the SEHBP handbook and could read the appeals process on her own. Id. at 188. The district court granted defendants' motion to dismiss without prejudice and ordered Roche to exhaust her administrative remedies prior to filing a class action complaint.

Roche appealed to the Third Circuit (Roche II)[3] on March 28, 2016, which affirmed the exhaustion of remedies requirement. It also noted Roche was "in possession of the appeal procedures" contained in the handbook. Roche, 681 F. App'x at 124.

---

[3] Roche v. Aetna, Inc., 681 F. App'x 117 (3d Cir. Mar. 9, 2017).

A-0076-21

Next, in 2017, Roche filed an appeal with the New Jersey Department of Banking and Insurance (DOBI), citing "exemplar contracts produced by Aetna in the district court litigation which expressly authorized a first level appeal to [DOBI]". DOBI declined jurisdiction.

Over a year later, Roche sought an appeal hearing through the New Jersey Division of Pensions and Benefits (Division), to be heard before the State Health Benefits Commission (SHBC), an entity that is separate and distinct from the Commission. The Division declined jurisdiction as well.

Finally, in 2019, six years after she sued Aetna in a class action lawsuit to contest her adverse benefits determination, Roche filed her first and second level internal appeals with Aetna. After some delay, Aetna denied both appeals. Roche then filed her first SEHBC appeal on November 13, 2019.

The SEHBC heard argument by the parties and found Roche's appeal untimely in an initial decision dated June 19, 2020. The SEHBC issued its final administrative decision on July 26, 2021, finding the Rawlings letters constituted an adverse benefits determination pursuant to the terms of the Handbook, and that the absence of an appeals notice within the letters was not "fatal."

A-0076-21

On appeal, Roche contends her appeal should not be barred on timeliness grounds because: defendants failed to provide her with an adverse benefit determination letter containing proper notice language; defendants breached their duty of good faith and fair dealing and are equitably estopped from asserting the timeliness defense; defendants waived their untimeliness defense; and Roche was not required to exhaust administrative remedies.

## II.

Appellate "review of administrative agency action is limited." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (citing In re Herrmann, 192 N.J. 19, 27 (2007)). "A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" In re Stallworth, 208 N.J. 182, 194 (2011) (quoting In re Carter, 191 N.J. 474, 483 (2007)). The appellate court may reverse a decision "if it is arbitrary, capricious, or unreasonable, or if it is not supported by substantial credible evidence in the record as a whole." P.F. on Behalf of B.F. v. New Jersey Div. of Dev. Disabilities, 139 N.J. 522, 529–30 (1995) (citing Dennery v. Bd. of Educ., 131 N.J. 626, 641 (1993)). We defer to an agency's "technical expertise, its superior knowledge of its subject matter area, and its fact-finding role." Messick v. Bd. of Review, 420 N.J. Super. 321, 325 (App.

7

Div. 2011). However, the appellate court applies "de novo review to an agency's interpretation of a statute or case law." Russo, 206 N.J. at 27 (citing Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).

### III.

Roche's main points on appeal are all premised upon the same contention: her 180-day appeal deadline, clearly stated on page 55 of her 2009 and 2010 Handbooks, was not triggered because defendants never satisfied the condition precedent of providing a proper adverse benefit determination to her. She maintains the handbook unambiguously requires that an adverse benefit determination must contain: a reason for the decision; an explanation of the steps the insured must take to appeal; and an explanation of the insured's right to receive additional information relevant to the appeal. She contends the Rawlings letters do not meet these requirements. We are not persuaded.

"The parties to a contract 'may make contractual liability dependent upon the performance of a condition precedent.'" Liberty Mut. Ins. Co. v. President Container, Inc., 297 N.J. Super. 24, 34 (App. Div. 1997) (quoting Duff v. Trenton Beverage Co., 4 N.J. 595, 604 (1950)). A condition precedent is an event that must happen before a contractual right accrues or a contractual duty arises. Restatement (Second) of Contracts § 224 (Am. L. Inst. 1981).

"[G]enerally, 'no liability can arise on a promise subject to a condition precedent until the condition is met.'" Duff, 4 N.J. at 604. And "because a promisor's duty does not become absolute unless and until the condition precedent occurs, the failure or non-performance of the condition is a defense to an action against the promisor for breach of its promise." 4 Williston on Contracts § 38.7 (Lord ed. 2013).

We quote the clear and succinct findings of the Commission:

> First, the Commission concludes the Rawlings Letters are an adverse benefit determination as defined by the Handbooks. In doing so, the Commission adopts the finding in Roche II that the exercise of the SEHBP's right of recovery to request reimbursement for the amount paid to cover Roche's medical expenses after her receipt of settlement proceeds is "unquestionably" an adverse benefit determination. 681 Fed. Appx. at 122. The Commission also adopts the finding in Roche I that the Rawlings [l]etters give the reason for the decision, as they "very clearly state why" the SEHBP believes it can exercise its right of recovery. 165 F. Supp. 3d. at 188. Thus, the Rawlings letters serve as a written notice of an adverse benefit determination and give the reason for the decision. Second, the lack of notice regarding the Roche appeal procedures in the Rawlings [l]etters is not fatal. The Commission follows Roche II and concludes the "initial lack of notice of [the appeal] procedures d[oes] not extinguish the [SEHBP's] exhaustion requirement." 681 Fed. Appx. at 124. As the Third Circuit reasoned, "Roche was in possession of the appeal procedures and offers no reason for why she could not have appealed other than her mistaken belief that no adverse benefit

determination had been made." Ibid. The Commission also follows Roche I, 165 F. Supp. 3d at 188, and adopts the reasoning of the court in Neuner v. Horizon Blue Cross Blue Shield of N.J. (In re LymeCare, Inc.), 301 B.R. 662, 667 (Bankr. D.N.J. 2003), which found members of the State Health Benefits Plan had "all of the information regarding the appeal procedures . . . available to them in the plan handbook" and were, therefore, required to exhaust administrative remedies, even though they did not get proper claims denial notices. As the court in Neuner reasoned, any unfairness to Roche occasioned by the initial lack of notice of the appeal procedures "is mitigated by the fact that the Plan Handbook, which has been readily available to [members], clearly reflects the administrative course for appeal[s]."

[Ibid.]

We defer to the Commission's findings, Messick, 420 N.J. Super. at 325 and discern no reason to disturb the Commission's adoption of the sound legal reasoning expressed by the federal district court in Roche I and the Third Circuit in Roche II. We find no error.

Next, Roche argues defendants breached their duty of good faith and fair dealing when they failed to produce a "compliant notice of adverse benefits determination and/or Aetna's contract with the SEHBC." We disagree.

The implied covenant of good faith and fair dealing requires parties to a contract to "refrain from doing 'anything which will have the effect of destroying or injuring the right of the other party to receive' the benefits of the contract."

10

Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs., 182 N.J. 210, 224-25 (2005) (quoting Palisades Props., Inc. v. Brunetti, 44 N.J. 117, 130 (1965)).

Aetna contracted with the SEHBC to provide health benefits services to SEHBC members. There was no contract between Aetna and Roche. "In the absence of a contract, there can be no breach of an implied covenant of good faith and fair dealing." Noye v. Hoffmann-La Roche, Inc., 238 N.J. Super. 430, 434 (App. Div. 1990). Even if we were to find privity between the parties, and that Aetna owed Roche a duty of good faith and fair dealing, that duty was not breached here, as the Commission properly found defendants provided an adequate adverse benefits determination to Roche.

We reject Roche's equitable estoppel and waiver arguments as without merit. They represent variations on Roche's lack of notice argument, which we have declined to adopt. On this record, we find that application of differing legal theories to the same facts do not alter the outcome.

Finally, the Employee Retirement Income Security Act of 1974 (ERISA) is not applicable to the SEHBP. See 29 U.S.C. §§ 1002(32)1003(b)(1). Its related jurisprudence is not persuasive.

A-0076-21

To the extent we have not addressed any additional arguments by Roche, it is because they lack sufficient merit discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-0076-21