**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1226-22

DAVID WINKLER,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Argued January 9, 2024 – Decided January 29, 2024

Before Judges Smith and Perez Friscia.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of Treasury, PERS No. xx8026.

Michael Patrick DeRose argued the cause the appellant (Crivelli, Barbati & DeRose, LLC, attorneys; Michael Patrick DeRose, on the brief).

Porter Ross Strickler, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen, Assistant

Attorney General, of counsel; Porter Ross Strickler, on the brief).

PER CURIAM

Appellant David Winkler appeals from the November 17, 2022 final agency decision (FAD) of the Board of Trustees (Board) of the Public Employees' Retirement System (PERS) denying his application for deferred retirement benefits. The Board denied Winkler's application for benefits after finding him ineligible due to his convictions stemming from official misconduct while a State of New Jersey employee. We affirm.

I.

The pertinent facts are undisputed. In 1987, Winkler began employment as a repairer for the State and enrolled in PERS. He was last employed as a building management specialist with the Division of Property Management and Construction (PMC).

On April 10, 2008, Winkler was arrested for the theft of State property between 2005 and 2007—namely, stealing scrap metal and equipment which was then sold—in a scheme with another State employee. Winkler was charged with multiple offenses, including second-degree official misconduct. PMC began an employment disciplinary action for conduct unbecoming of a public employee and suspended Winkler from employment pending resolution of the

charges. On January 23, 2013, a jury convicted Winkler of conspiracy, official misconduct, theft, and misapplication of government property. Two days later, the trial judge ordered Winkler's forfeiture of public employment and permanently disqualified him from holding any public position. Winkler was sentenced to a five-year term of imprisonment.

On April 19, the State notified Winkler that he forfeited his employment with the State in accordance with N.J.A.C. 2C:51-2. The Civil Service Commission and the New Jersey Division of Pension and Benefits (Division) were also notified. At the time, Winkler had twenty years and nine months of service credit in his PERS account, and irrespective of the forfeiture disqualification would only have been eligible for deferred retirement benefits based on his age in October 2021.

On October 2, 2020, Winkler applied to the Division for deferred retirement benefits. On August 18, 2022, relying on N.J.S.A. 43:15A-38, the Board denied his request for benefits, finding him ineligible for cause based on his employment forfeiture for official misconduct. Winkler filed a self-represented appeal seeking reversal of the Board's decision arguing: there were discrepancies in his case; his misconduct predated "the new law for mandatory forfeiture"; neither the State's notice of forfeiture nor the judge's ordered

forfeiture referenced "the pension"; his job performance was stellar; and he had saved "the State $4.2 million . . . in reusable furniture" from his "infraction."

On November 17, the Board issued its FAD finding Winkler ineligible for deferred retirement benefits. The Board determined Winkler was ineligible pursuant to N.J.S.A. 43:15A-38 because he was removed "for cause on charges of misconduct." Finding no "disputed questions of fact," the Board decided the matter "without the need for an administrative hearing."

On appeal, Winkler raises for the first time his contention that the Board was equitably estopped from denying deferred retirement benefits because it failed to determine ineligibility in 2013 when his conviction for official misconduct was known. Alternatively, Winkler argues the matter should be remanded to the Office of Administrative Law (OAL) for a hearing.

II.

We conduct a limited review of agency determinations. In re DiGuglielmo, 252 N.J. 350, 359 (2022). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). We give deference to "the interpretation of the agency charged with

applying and enforcing a statutory scheme." Id. at 359-60 (quoting Hargrove v. Sleepy's, LLC, 220 N.J. 289, 301 (2015)). We also "'defer to an agency's technical expertise, its superior knowledge of its subject matter area, and its fact-finding role,'" and therefore are "obliged to accept all factual findings that are supported by sufficient credible evidence." Futterman v. Bd. of Rev., Dep't of Labor, 421 N.J. Super. 281, 287 (App. Div. 2011) (quoting Messick v. Bd. of Rev., 420 N.J. Super. 321, 325 (App. Div. 2011)). However, we are not bound by an "agency's interpretation of a statute or its determination of a strictly legal issue." In re Ridgefield Park Bd. of Educ., 244 N.J. 1, 17 (2020) (quoting Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014)). Instead, we "review[] an agency's interpretation of a statute de novo." DiGuglielmo, 252 N.J. at 359.

When determining an applicant's eligibility for pension benefits, "eligibility is not to be liberally permitted." Smith v. Dep't of Treasury, Div. of Pensions & Benefits, 390 N.J. Super. 209, 213 (App. Div. 2007). "Instead, . . . the applicable guidelines must be carefully interpreted so as not to 'obscure or override considerations of . . . a potential adverse impact on the financial integrity of the [f]und.'" Ibid. (second and third alterations in original) (quoting Chaleff v. Teachers' Pension & Annuity Fund Trs., 188 N.J. Super.

194, 197 (App. Div. 1983)).  We have recognized "an employee has only such rights and benefits as are based upon and within the scope of the provisions of the statute."  Caucino v. Bd. of Trs., Teachers' Pension & Annuity Fund, 475 N.J. Super. 405, 413 (App. Div. 2023) (quoting Francois v. Bd. of Trs., Pub. Emps.' Ret. Sys., 415 N.J. Super. 335, 349 (App. Div. 2010)).  The burden to establish pension eligibility is on the applicant, not the Board.  See Patterson v. Bd. of Trs., State Police Ret. Sys., 194 N.J. 29, 50-51 (2008).

III.

Winkler concedes his ineligibility for deferred retirement benefits under the application of N.J.S.A. 43:15A-38, which disqualifies a PERS member from receiving benefits if removed from public employment "for cause on charges of misconduct or delinquency."  It is clear that "forfeiture of deferred retirement benefits pursuant to N.J.S.A. 43:15A-38 is conditioned on an involuntary removal due to misconduct related to employment."  In re Hess, 422 N.J. Super. 27, 37 (App. Div. 2011).  While acknowledging his statutory ineligibility, Winkler argues that the doctrine of equitable estoppel applies because the Board failed "to act when initially notified of [his] criminal conviction and subsequent [judge's] [o]rder of [f]orfeiture of [e]mployment."  He avers the Board's failure to provide notice of his pension ineligibility in 2013 deprived him of financial

6

investment opportunities on the accumulated pension contributions he would have withdrawn.

Winkler's argument is procedurally defective because he failed to raise this argument before the Board, and therefore it is not properly before us. We generally decline to consider issues not presented below when an opportunity for such a presentation is available unless the questions raised on appeal concern jurisdiction or matters of great public interest. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); see also Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (recognizing claims that are not presented to a trial court are inappropriate for consideration on appeal). Contrary to Winkler's assertion, this matter is not one of great public concern.

Nevertheless, we briefly address his equitable estoppel contention. In addition to the Board's failure to notify him of his ineligibility in 2013, Winkler argues he detrimentally relied on an estimate of retirement benefits received from the Division in March 2019. This argument is without merit.

A pension member cannot invoke an equitable remedy to override an unambiguous statute. See Berg v. Christie, 225 N.J. 245, 280 (2016). The doctrine of equitable estoppel is "rarely invoked against a governmental entity." Welsh v. Bd. of Trs., Police & Firemen's Ret. Sys., 443 N.J. Super. 367, 376

7

(App. Div. 2016) (quoting <u>Middletown Twp. Policemen's Benevolent Ass'n Local No. 124 v. Township of Middletown</u>, 162 N.J. 361, 367 (2000)). "Equitable estoppel may be invoked against a governmental entity only 'to prevent manifest injustice.'" <u>Berg</u>, 225 N.J. at 280 (quoting <u>O'Malley v. Dep't of Energy</u>, 109 N.J. 309, 316 (1987)). The equitable estoppel doctrine is limitedly applied to "conduct, either intentionally or under circumstances that induced reliance." <u>Id.</u> at 279 (quoting <u>Knorr v. Smeal</u>, 178 N.J. 169, 178 (2003)). Such conduct "involves 'a knowing and intentional misrepresentation.'" <u>Ibid.</u> (quoting <u>O'Malley</u>, 109 N.J. at 317). Hence, the doctrine of equitable estoppel is inapplicable here.

Plaintiff has not cited, nor has our research revealed, any authority to support the argument that the Board had a duty to inform Winkler of his ineligibility upon his conviction for official misconduct. Further, the estimate of retirement benefits received was not a misrepresentation by the Division but rather a projection of available benefits if he was eligible upon retirement. Any reliance by Winkler was misplaced and certainly not induced. <u>See</u> <u>Tasca v. Bd. of Trs., Police & Firemen's Ret. Sys.</u>, 458 N.J. Super. 47, 60 (App. Div. 2019) (rejecting an equitable estoppel claim because the applicant could not demonstrate an "award or official correspondence . . . stating that she was

eligible for an early retirement pension"). Winkler's argument that his criminal attorney advised "his pension eligibility was not in jeopardy" is also unavailing.

Finally, we reject Winkler's argument that the Board's denial of his request to transfer the case to the OAL should be reversed to provide "the opportunity to develop a record in light of the new matter he ha[d] raised." "A hearing is 'mandated only when the proposed administrative action is based on disputed adjudicatory facts.'" Rooth v. Bd. of Trs., Public Emps.' Ret. Sys., 472 N.J. Super. 357, 369 (App. Div. 2022) (quoting In re Farmer's Mut. Fire. Assurance Ass'n of N.J., 256 N.J. Super. 607, 618 (App. Div. 1992)). The Board correctly declined to grant an evidentiary hearing because there were no material facts in dispute; thus, we conclude its decision was not "arbitrary, capricious, or unreasonable." DiGuglielmo, 252 N.J. at 359 (quoting Russo, 206 N.J. at 27).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1226-22